UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ADRIAN RANGEL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:18 CV 413 |
|  | ) |  |
| STEVEN P. MEYER, MATTHEW D. | ) |  |
| BOULAC, and VALERIE CHURCH, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

### I. BACKGROUND

In his amended complaint, *pro se* plaintiff Adrian Rangel alleges unfair treatment in connection with a child support order issued in Tippecanoe County, Indiana, by a state court. (DE # 36.) Plaintiff phrases his claims in terms of "due process" and "equal protection," and he seeks both injunctive relief and compensatory damages in the amount of $3,000,000. (*Id.*)

The defendants in this case are Steven P. Meyer, a county judge; Matthew D. Boulac, a county commissioner; and Valerie Church, a county prosecutor. Defendants have moved to dismiss on numerous bases (DE # 48), but the court first focuses on defendants' argument that this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine (discussed in more detail below), as it must be considered first and is dispositive. *Wright v. Tackett*, 39 F.3d 155, 157–58 (7th Cir. 1994) (analysis of jurisdictional principals implicated by *Rooker-Feldman* doctrine must precede other substantive matters, such as immunity).

## II. LEGAL STANDARD

The question of subject matter jurisdiction falls under Rule 12(b)(1). A Rule 12(b)(1) motion can present either a facial or factual challenge to subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebucks & Co.,* 572 F.3d 440 (7th Cir. 2009). A facial attack, like this one, is a challenge to the sufficiency of the pleading itself. *Id.* When such a challenge has been presented, the court takes all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir. 1999).

## III. DISCUSSION

At the heart of this dispute is the *Rooker-Feldman* doctrine, which derives its name from two decisions of the United States Supreme Court, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The doctrine precludes lower federal court jurisdiction over claims seeking review of state court judgments. *Brokaw v. Weaver,* 305 F.3d 660, 664 (7th Cir. 2002). The doctrine "is not limited to just those claims alleging that the state court judgment itself caused the federal plaintiff's injury; the doctrine also precludes federal jurisdiction over claims 'inextricably intertwined' with a state court determination." *Remer v. Burlington Area Sch. Dist.,* 205 F.3d 990, 996 (7th Cir 2000) (quoting *Feldman,* 460 U.S. at 483-84 n.16). As the Seventh Circuit has noted, "it can be difficult to discern which claims are and which claims are not 'inextricably intertwined' with a state judgment." *Id.* The pivotal inquiry in applying the doctrine is whether the federal plaintiff seeks to set aside a state court judgment or whether he is presenting an independent claim. *Id.*

In this case, defendants argue that by bringing this suit complaining about a state court child support order, plaintiff is inviting a lower federal court to examine and pass judgment upon a state court ruling. Plaintiff argues that the doctrine is inapplicable because he does not seek to overturn the state court judgment; instead he seeks damages for injuries caused by constitutional violations that occurred during the course of state court proceedings.

The Seventh Circuit Court of Appeals has made clear that plaintiff's argument is meritless. Though a complaint may technically assert a "constitutional violation" seeking damages, the problem still remains that the plaintiff cannot prevail on the complaint unless a finding is made, by a lower federal court, that the state court erred in some respect in issuing the order which caused the monetary damage. Such review of a state court judgment is something *Rooker-Feldman* does not permit. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) (*Rooker-Feldman* prohibits federal court from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). *Rooker-Feldman's* application is particularly obvious where, as here, it is not simply damages being sought, but also injunctive relief directed at the state court itself. Notably, a state court judgment may not be attacked in a complaint filed in federal district court *even if* the procedures allegedly employed at the state court level were unconstitutional. *GASH Assoc. v. Village of Rosemont,* 995 F.2d 726, 729 (1993) ("*Rooker–Feldman* . . . bar[s] . . . litigation . . . where the plaintiff's injury stem[s] from the

state judgment—an erroneous judgment, perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless.").

The Seventh Circuit has applied this principle to numerous complaints filed in federal district court which sought to challenge state court child support orders. *See, e.g., Dixon v. Rick*, No. 19-1138, 2019 WL 5446009, at *1 (7th Cir. Oct. 24, 2019) (*Rooker-Feldman* barred complaint alleging constitutional violations related to child support order); *Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019) ("Syph thus cannot sidestep *Rooker-Feldman* by arguing that the state court denied him due process" in course of child support proceedings); *Gorzelanczyk v. Baldassone*, 29 F. App'x 402, 403 (7th Cir. 2002) ("[E]ven though Gorzelanczyk labels his lawsuit as a § 1983 action alleging due process violations, his real injury is the child support order, not any alleged denial of due process[.]"); *see also T.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (applying *Rooker–Feldman* to child custody decision). The same principle applies here, and *Rooker-Feldman* bars plaintiff's lawsuit.

It is worth noting that, even if this court had jurisdiction over this case, two additional roadblocks would stand in plaintiff's way. First, the Seventh Circuit has applied the "domestic relations exception" to federal jurisdiction to cases involving child support orders, holding that the exception bars suits like this one. *See, e.g., Dixon*, 781 F. App'x at 561. Second, defendants would likely enjoy immunity from this lawsuit. *Stump v. Sparkman*, 435 U.S. 349, 356–64 (1978) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (prosecutorial immunity).

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (DE # 48) is **GRANTED** and this case is **DISMISSED**. All other pending motions on the docket are **DENIED as moot.**

                                **SO ORDERED.**

Date: November 21, 2019

                                s/James T. Moody
                                JUDGE JAMES T. MOODY
                                UNITED STATES DISTRICT COURT